IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DELBERT A. WOOD )
and NANCY J. WOOD, )
)
      Plaintiffs, ) TC-MD 130412C
)
    v. )
)
DOUGLAS COUNTY ASSESSOR, )
)
      Defendant. ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion) on the ground that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(1).

The court held a case management hearing August 26, 2013, by telephone. Delbert Wood (Wood) appeared for Plaintiffs. Paul Meyer, Douglas County Counsel, appeared for Defendant. Defendant's motion was the focus of the August 26, 2013 proceeding.

A review of Plaintiffs' materials shows Defendant sent Plaintiffs a written notice of disqualification from farm use special assessment on April 5, 2013. The notice explained that the subject property, 11.03 acres, and identified as Account R56664, had been disqualified from exclusive farm use special assessment because the "farmland was lying idle and not farmed in 2012 * * *." (Ptfs' Compl at 2.) The notice went on to explain that the potential additional taxes generally imposed upon disqualification would be "deferred under ORS 308A.706(1)(a)," that for future years ("following this disqualification"), the land would be taxed based on its real market value, and finally, that the "disqualification may be appealed to the Oregon Tax Court, Magistrate Division, within 90 days of receipt of this notice * * *." (*Id*. at 2-3.)

Plaintiffs received Defendant's notice of disqualification April 8, 2013. (Def's Answer 2.) Plaintiffs did not file their appeal with this court until July 9, 2013, which was one day after

the 90-day appeal period. Wood explained during the case management conference that he believed, mistakenly, that Plaintiffs had until August 1, 2013, to file their appeal and that he thought he was filing their appeal nearly a month before the deadline. At one point during the hearing, Wood also stated that he took the Complaint to the post office on July 8, 2013, but that, for some reason, the postal employee did not post mark the appeal "letter" until the ninth. Wood did not elaborate on the matter. Later in the hearing, Wood acknowledged that Plaintiffs were a day late, and then objected to the significance the court was placing on the matter of one day (i.e., he questioned why he was precluded from challenging the disqualification simply because he was one day late filing his appeal). The court explained that its job was to apply the laws; not to write them.

ORS 305.280(1), which states in pertinent part:

"Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred[.]"

As can be seen from the statute set forth above, a taxpayer has 90 days from the date of actual knowledge of the act they are appealing, which in this case was the farm use disqualification, to file his appeal. As stated above, Plaintiffs miss that deadline by one day. Plaintiffs have not presented any fact or argument which prevents the application of this statute. Defendant's motion to dismiss is granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

The Complaint is dismissed.

Dated this ____ day of September 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on September 4, 2013. The court filed and entered this document on September 4, 2013.*